**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| JONATHAN KING, | |
| Plaintiff, | |
| v. | CASE NO. 5:21-cv-00035 |
| MIDLAND CREDIT MANAGEMENT, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW comes Plaintiff JONATHAN KING, by and through his undersigned attorneys, and complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC., asserts the following claims:

### I. JURISDICTION, PARTIES AND VENUE

1.     This civil action arises under and is brought pursuant to the FDCPA and subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

2.     Plaintiff JONATHAN KING ("Plaintiff") is a consumer who is a citizen of the State of Texas and lives in San Antonio, Texas.

3.     Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

4.     Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

5.     This Civil Action arises out of Defendant's attempts to collect from Plaintiff a purported consumer debt that was allegedly incurred by Plaintiff in relation to a Synchrony Bank PayPal credit card (the "Subject Debt").

6.     Venue is proper pursuant to 28 U.S.C. §1391 as Defendant conducts substantial debt collection business in this judicial district and the subject collection letters and envelopes used to mail the collection letters were sent to Plaintiffs' residential address which is located within this judicial district.

## II.     BACKGROUND FACTS RELATED TO DEFENDANT'S CONDUCT

7.     Synchrony Bank as the "Original Creditor" of the Subject Debt.

8.     Defendant acts as debt collector in attempting to collect debts that have been purportedly purchased from the original creditor by an entity known as Midland Credit Funding, LLC ("Midland Funding").

9.     Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA.

10.     The Subject Debt was incurred for personal, family and household purposes as the term "debt" is defined by Section 1692a(5) of the FDCPA.

11.     Defendant is a "debt collector" as defined Section 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

12.     Defendant's efforts to adhere to certain requirements of the FDCPA plausibly suggest that Defendant regarded the Subject Debt to be a "debt" as this term is defined by Section 1692a(5) of the FDCPA.

13.     Midland Funding is one of the largest debt buyers in the United States.

14.     According to a website operated by Defendant:

> Midland Funding, LLC is one of the nation's largest owners of unpaid debts. Midland Funding owns accounts that have been charged off by the original lender.

> Charge offs happen after a lender doesn't receive payments for a period of time or payments are less than the minimum amount due. Lenders then close these accounts and sell them to companies like Midland Funding or MCM.

https://www.midlandcredit.com/who-is-mcm/midland-funding-llc/

15.     Defendant's website explains its business as follows:

> Midland Credit Management services accounts owned by Midland Funding and accounts owned by MCM.

*Id.*

16.     Defendant's website also describes itself as follows:

> Midland Credit Management (MCM) connects with consumers every day to help resolve past-due debts. We specialize in servicing accounts that have fallen behind and have been charged off by the lender. When lenders close these accounts, they often sell them to companies like MCM.

> If you've heard from us, your lender has probably charged off one of your accounts and sold it to us. MCM enjoys longstanding relationships with major financial institutions and retailers across the country.

https://www.midlandcredit.com/who-is-mcm/

17.     Defendant "is a subsidiary of Encore Capital Group, which is a public company traded on the NASDAQ stock exchange as ECPG." *Id.*

18.     On information and belief, Defendant did not purchase the rights to collect the Subject Debt directly from the Original Creditor.

19.     As recently as September 8, 2020, the Consumer Financial Protection Bureau ("CFPB") sued Defendant and related entities in the Southern District of California for violating the FDCPA. See, Complaint, ECF #1 in 3:20-cv-01750-GPC-KSC.[1]

20.     According to the CFPB's press release:

> The Bureau's complaint, filed in federal district court in the Southern District of California, specifically alleges that since September 2015, Encore and its subsidiaries violated the consent order by suing consumers without possessing required documentation, using law firms and an internal legal department to engage in collection efforts without providing required disclosures, and failing to provide consumers with required loan documentation after consumers requested it. The Bureau also alleges that the companies violated the consent order, the CFPA, and the FDCPA by suing consumers to collect debts even though the statutes of limitations had run on those debts and violated the consent order by attempting to collect on debts for which the statutes of limitations had run without providing required disclosures. The Bureau further alleges that the companies violated the CFPA by failing to disclose possible international-transaction fees to consumers, thereby effectively denying consumers an opportunity to make informed choices of their preferred payment methods. The Bureau also alleges that each violation of the consent order constitutes a violation of the CFPA.

https://www.consumerfinance.gov/about-us/newsroom/cfpb-sues-debt-collectors-and-debt-buyers-encore-capital-group-et-al/

---

[1] The Complaint can be found at https://files.consumerfinance.gov/f/documents/cfpb_encore-capital-group-et-al_complaint_2020-08.pdf

### III.   SUMMARY OF THE FDCPA

21.     Section 1692of the FDCPA contains "Congressional findings" and a

"declaration of purpose" and states as follows:

> **(a) Abusive practices**
>
> There is abundant evidence of the use of abusive, deceptive,
> and unfair debt collection practices by many debt collectors.
> Abusive debt collection practices contribute to the number of
> personal bankruptcies, to marital instability, to the loss of
> jobs, and to invasions of individual privacy.
>
> **(b) Inadequacy of laws**
>
> Existing laws and procedures for redressing these injuries
> are inadequate to protect consumers.
>
> **(c) Available non-abusive collection methods**
>
> Means other than misrepresentation or other
> abusive debt collection practices are available for the
> effective collection of debts.
>
> **(d) Interstate commerce**
>
> Abusive debt collection practices are carried on to a
> substantial extent in interstate commerce and through
> means and instrumentalities of such commerce. Even where
> abusive debt collection practices are purely intrastate in
> character, they nevertheless directly affect interstate
> commerce.
>
> **(e) Purposes**
>
> It is the purpose of this subchapter to eliminate
> abusive debt collection practices by debt collectors, to insure
> that those debt collectors who refrain from using
> abusive debt collection practices are not competitively
> disadvantaged, and to promote consistent State action to
> protect consumers against debt collection abuses.

*See,*15 U.S.C. § 1692.

22.     One the stated purposes of the FDCPA was to address "the use of

abusive, deceptive, and unfair debt collection practices by many debt collectors."

15 U.S.C. § 1692(a).

23.     In enacting the FDCPA, Congress determined that "[a]busive debt collection practices contribute to" societal harms, include increasing "the number of personal bankruptcies," "marital instability," "the loss of jobs," and "invasions of individual privacy." 15 U.S.C. § 1692(a).

24.     In enacting the FDCPA, Congress determined that "[e]xisting laws ... are inadequate to protect consumers" and that "[m]eans other misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692(b)-(c).

25.     The FDCPA provides that "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c).

26.     The FDCPA protects *ethical collectors* from being competitively disadvantaged. 15 U.S.C. § 1692(e).

27.     Section 1692f(8) of the FDCPA which prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

28.     As described throughout, Defendant has violated the prohibitions of Section 1692f(8) of the FDCPA to gain a competitive advantage over other debt collectors that attempt to collect charged-off consumer credit card debts that have been sold by the original creditor.

## IV.    FACTS SUPPORTING CAUSES OF ACTION

29.    In order to gain a competitive advantage over other debt collectors, and in defiance of the prohibitions set forth by Section 1692f(8) of the FDCPA, Defendant sends collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED".

30.    The competitive advantage that Defendant gains by using envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" is that Defendant knows that consumers are more likely to open the envelopes marked with these words than envelopes that do not contain these words.

31.    Defendant knows that by enclosing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED", consumers are more likely read the enclosed letter and pay the subject debt – than if the letter was sent in a plain envelope.

32.    Defendant knows that by enclosing collection letters inside of envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", consumers are more likely read the enclosed letter and call or otherwise interact with Defendant regarding the subject debt.

33.     This form of interaction leads to confirmation that the consumer can be reached via mail or phone, and this leads to additional communications and pressure tactics to cause the responding consumer to pay the subject debts.

34.     Defendant has determined that it collects more money from consumers when it sends letters enclosed within envelopes marked with the words, **"TIME SENSITIVE DOCUMENT"** and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", notwithstanding the fact that Section 1692f(8) of the FDCPA prohibits this type of wording.

35.     Defendant's unlawful use of the words **"TIME SENSITIVE DOCUMENT"** and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on its envelopes created a false sense of urgency for Plaintiff who was struggling to pay down his debts after encountering financial difficulties beyond his control.

36.     Further, Defendant's unlawful use of the words **"TIME SENSITIVE DOCUMENT"** and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on its envelopes caused third-parties to realize that Plaintiff owed money to a debt collector where the Subject Debt –based upon the specific words chosen by Defendant informed third-parties that Plaintiff owed a debt that was **"TIME SENSITIVE"** in nature or where an "IMPORTANT DOCUMENT [WAS] ENCLOSED" and/or that the enclosed collection letter required Plaintiff's "ATTENTION".

37.     Within the past year, Defendant sent Plaintiff numerous collection letters in an attempt to collection the Subject Debt.

38.    At least one of the envelopes that Defendant used to send the subject collection letters were mailed to Plaintiff inside of envelopes that contained the words "**TIME SENSITIVE DOCUMENT**" on its exterior in bold font.

39.    At least one of the envelopes that Defendant used to send collection letters to Plaintiff were mailed to Plaintiff inside of envelopes that contained the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on its exterior in embossed (raised) lettering.

40.    When Plaintiff observed the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", his attention was immediately drawn to these words.

41.    Defendant used the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", as opposed to using plain envelopes, because Defendant knew that consumers like Plaintiff would be drawn to these words, and thus more likely to open the envelopes and contact Defendant about the contents of the enclosed letters.

42.    As explained by Defendant's counsel during oral argument in the case of *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020), Defendant's use of the words "**TIME SENSITIVE DOCUMENT**" on envelopes to mail collection letters to consumers was done with the express purpose of drawing consumers' attention of the contents of the envelopes.[2]

43.    The same attorney that represented Defendant during oral arguments in *Preston v. Midland Credit Mgmt.* conveyed a different message to

---

[2] See, http://media.ca7.uscourts.gov/sound/2019/dl.18-3119.18-3119_05_29_2019.mp3

attorneys and debt buyers attending a seminar during a debt buying conference where he rhetorically asked the audience members, "Who's going to read and understand these words on this letter?" followed by the following comments:



44.     Next, defense counsel in *Preston v. Midland Credit Mgmt.* offered his opinion as to the level of sophistication of the consumers that Defendant targets,

where questioned where legislative or court-mandated time-barred debt disclosures impacted collection efficiencies:









45.     Defendant's counsel in *Preston v. Midland Credit Mgmt.* went on say:



46.     Thereafter, Defendant's counsel spoke the following words:



47.    Citing to his actual experience, Defendant's counsel said: "I depose these plaintiff in these lawsuits, and they don't even read the letter":



48.    The above screen captures depict the speaker and the words uttered during a debt buying conference that was filmed and shown on a television program entitled "Debt Buyers: Last Week Tonight With John Oliver, hosted at https://www.youtube.com/watch?v=hxUAntt1z2c

49.    Mr. Oliver was less than pleased with the above attorney's comments, resulting in Mr. Oliver swearing after watching the above comments.

50.     Defendant's use of the words **"TIME SENSITIVE DOCUMENT"** and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on envelopes to mail collection letters to consumers was undertaken to gain a competitive advantage over debt collectors.

51.     Defendant's use of the words **"TIME SENSITIVE DOCUMENT"** and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on envelopes to mail collection letters to consumers violated Section 1692f(8) of the FDCPA.

52.     As a result of the "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" disclosure on the face of the subject envelopes, Plaintiff immediately opened the collection letter to determine why Defendant designated the enclosed collection letter as being and "IMPORTANT DOCUMENT" which was marked with the words "ATTENTION REQUESTED".

53.     The above response was consistent with Defendant's intentions.

54.     After Plaintiff opened the so-called **"TIME SENSITIVE DOCUMENT"** envelope, he was frustrated and distressed to after learning there was no content that was obviously or clearly **"TIME SENSITIVE"** relative to the contents of the collection letter contained within the envelope.

55.     After Plaintiff opened the so-called "IMPORTANT DOCUMENT ENCLOSED" envelope, he was frustrated and distressed to after learning there was no content that was obviously or clearly "IMPORTANT" relative to the contents of the collection letter contained within the envelope.

56.     Reading the words **"TIME SENSITIVE DOCUMENT"** caused Plaintiff to worry about the contents of the enclosed letter, as he was concerned about

14

the so-called "**TIME SENSITIVE**" nature of the enclosed collection letter. Plaintiff's response was consistent with Defendant's intentions.

57.     Plaintiff immediately grew nervous and anxious to learn the contents of the letter that was contained within the so-called time "**TIME SENSITIVE**" nature of the enclosed collection letter. This response was consistent with Defendant's intentions.

58.     As a result of the "**TIME SENSITIVE DOCUMENT**" disclosure on the face of the subject envelopes, Plaintiff immediately opened the collection letter to determine why Defendant designated the enclosed collection letter as being "**TIME SENSITIVE**". This response was consistent with Defendant's intentions.

59.     Reading the words "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" caused Plaintiff to worry about the contents of the enclosed collection letter, as he was concerned to learn why the "IMPORTANT" nature of the enclosed collection letter and why Defendant wrote "ATTENTION REQUESTED" on the face of the envelope.

60.     Plaintiff's response was consistent with Defendant's intentions.

61.     To embarrass Plaintiff and cause him to pay the Subject Debt, Defendant used the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on envelopes because it knew that third-parties would recognize Defendant's return and understand that the enclosed letters related to discharged debts.

62.     None of the enclosed collection letters contained truly "time sensitive" materials or disclosures because it is Defendant's practice to

continually offer similar payment options – but this was not known to Plaintiff when he read the envelopes or the enclosed letters.

63.   None of the enclosed collection letters contained "important" materials or disclosures because it is Defendant's practice to continually offer similar payment options – but this was not known to Plaintiff when he read the envelopes or the enclosed letters.

64.   As a result of Defendant's purposeful and knowing conduct, Plaintiff suffered concrete harm as a result of Defendant's actions, in the form of confusion, aggravation, embarrassment and emotional distress.

65.   Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

66.   For example, in an attempt to pay down the Subject Debt as a result of Defendant using the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED", on more than one occasion, Plaintiff attempted to collect funds necessary to pay down the Subject Debt – at the expense of not paying down a debt that was in fact more words "**TIME SENSITIVE**" and/or "IMPORTANT" than the Subject Debt.

67.   Defendant's conduct also posed a material risk of harm to the interests protected by the FDCPA, including Plaintiff's interest in receiving truthful and accurate information regarding Defendant's collection efforts,

68.     Defendant's conduct also violated one of the FDCPA's identified interests in ensuring that otherwise compliant debt collectors are not disadvantaged in the marketplace through unlawful conduct.

69.     Defendant's actions only served to stress out and embarrass Plaintiff and force him to open the subject envelopes for the purpose of increasing the likelihood with which Defendant would be able to obtain money from Plaintiff.

70.     Despite issuing a letter that described a so-called "FINAL NOTICE", no time-sensitive discounted payment was offered in relation to the so-called "FINAL NOTICE" letter.

71.     Prior and subsequent collection letters merely offered the same, regurgitated discounted payment offers of nor more than 20% off of the Subject Debt, despite the fact that Defendant likely bought the Subject Debt for less than 10% of the amount owed.

### COUNT I – VIOLATIONS OF SECTION 1692e OF THE FDCPA

72.     Plaintiff JONATHAN KING repeats and alleges paragraphs 1 through 71 as though fully set forth herein.

73.     The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74.     Defendant violated §1692e when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to implicitly represent that it could include the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED

ATTENTION REQUESTED" printed on an envelope containing a collection letter that was not inherently time-sensitive in nature.

75.     The FDCPA specifically prohibits debt collectors from including this type of language on its envelopes, thus Defendant acted deceptively by including it in clear violation of the FDCPA.

76.     For the above reasons, Defendant's practice of using envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" constituted an false, deceptive, or misleading representation or means in connection with the collection of the subject debt where the enclosed collection letters were not inherently time-sensitive in nature - and accordingly,  Defendants transmission of the collection letters in this manner violated § 1692e(2)(A).

WHEREFORE, Plaintiff JONATHAN KING respectfully requests that this Honorable Court enter judgment in his favor as follows:

      a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

      b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

      c.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

      d.  Enjoining Defendant from further contacting Plaintiff; and

      e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF SECTION 1692e(2) OF THE FDCPA

77.     Plaintiff JONATHAN KING repeats and alleges paragraphs 1 through 71 as though fully set forth herein.

78.     Section 1692e(2), prohibits a debt collector from engaging in any "false representation of – (A) the character, amount or legal status of any debt[.]"

79.     Specifically, Defendant engaged in a "false representation" when it included the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" on envelopes that were used to mail collection letters that was not inherently time-sensitive in nature.

80.     For the above reasons, Defendant's practice of using envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" constituted an false representation - in conjunction with the enclosed collection letters – where the letters were not inherently time-sensitive in nature - and accordingly, Defendants transmission of the collection letters in this manner violated § 1692e(2)(A).

WHEREFORE, Plaintiff JONATHAN KING respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF SECTION 1692e(10) OF THE FDCPA

81.    Plaintiff JONATHAN KING repeats and alleges paragraphs 1 through 71 as though fully set forth herein.

82.    Section §1692e(10) prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

83.    Defendant violated § 1692e(10) when it used deceptive means to collect and/or attempt to collect the subject debt.

84.    Specifically, it was deceptive for Defendant to mark envelopes with the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" where the envelopes that were used to mail collection letters that was not inherently time-sensitive in nature.

85.    For the above reasons, Defendant's practice of using envelopes marked with the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED ATTENTION REQUESTED" constituted an unfair practice - in conjunction with the enclosed collection letters – where the letters were not inherently time-sensitive in nature - and accordingly, Defendant's transmission of the collection letters in this manner violated § 1692e(10).

WHEREFORE, Plaintiff JONATHAN KING respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF SECTION 1692f(8) OF THE FDCPA

86.     Plaintiff JONATHAN KING repeats and alleges paragraphs 1 through 71 as though fully set forth herein:

87.     Defendant violated § 1692f(8) when it unfairly attempted to collect upon the subject consumer debt by using the words "**TIME SENSITIVE DOCUMENT**" and "IMPORTANT DOCUMENT ENCLOSED, ATTENTION REQUESTED" printed on the front of the subject envelopes violates 15 U.S.C. § 1692f(8).

WHEREFORE, Plaintiff JONATHAN KING respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 15, 2020

Respectfully submitted,

*/s/ Omar T. Sulaiman*
Omar T. Sulaiman, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave.,
Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
osulaiman@sulaimanlaw.com
*Attorney for Plaintiff*